UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF RAUL HERRERA III and JOE HERRERA,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF ONTARIO, BRAD KAYLOR, ZACH MCWATERS, SCOTT SCHAFFER, MICHAEL MORA and DOES 1 through 10, inclusive,<br><br>    Defendants. | **Case No: 5:17-CV-00082 SP**<br>**Hon. Sheri Pym**<br><br>**STIPULATED PROTECTIVE ORDER** |

1.  A. <u>**PURPOSES AND LIMITATIONS**</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information, including confidential personnel records of peace officers, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this

Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in section 12, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal. The parties further acknowledge that nothing in this Stipulated Protective Order shall preclude either party from asserting that a document is of such a confidential or private nature that it should not be produced or that it should only be produced in redacted form, or from seeking a protective order to preclude the production of certain documents.

**B. <u>GOOD CAUSE STATEMENT</u>**

This action is likely to involve confidential information, including personnel records of the Defendant police officers, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial,

to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that the information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2. DEFINITIONS**

2.1. <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3. <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that contain information involving trade secrets, confidential business, personal or financial information or confidential personnel records.

2.4. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5. <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

{DSR/00051297.}

STIPULATED PROTECTIVE ORDER

2.6. <u>Designating Party</u>**:** a Party or non-party that designates information or items that it produced in disclosures or in responses to discovery as "Confidential."

2.7. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential."

2.8 <u>Outside Counsel</u>: attorneys (as well as their support staff) who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional, jury or trial consultant retained in connection with this litigation.

2.10 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

3. **SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel

to or in court or in other settings that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. **DURATION**

Once a case proceeds to trial, all of the information that was designated as confidential or maintained pursuant to this protective order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

5. **DESIGNATING PROTECTED MATERIAL**

5.1. Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate legal standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications

for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., unnecessarily to encumber the case development process or to impose unnecessary expenses or burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection, that Party or non-party must promptly notify all other parties that it is withdrawing or modifying the mistaken designation.

5.2. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Stipulated Protective Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires:

    a. For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the bottom-right of each page that contains Protected Material. If only a portion or portions

of the material on a page qualifies for protection, the Producing Party must also clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL") at the bottom-right of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party must also clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

b. For testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as

1  "CONFIDENTIAL."  When it is impractical to identify
2  separately each portion of testimony that is entitled to
3  protection, and when it appears that substantial portions
4  of the testimony may qualify for protection, the Party or
5  non-party that sponsors, offers, or gives the testimony may
6  invoke on the record (before the deposition or proceeding
7  is concluded) a right to have up to 20 days to identify the
8  specific portions of the testimony as to which protection
9  is sought and to specify the level of protection being
10 asserted ("CONFIDENTIAL").  Only those portions of the
11 testimony that are appropriately designated for protection
12 within the 20 days shall be covered by the provisions of
13 this Stipulated Protective Order.

14 Transcript pages containing Protected Material must be
15 separately bound by the court reporter, who must affix to
16 the top of each such page the legend "CONFIDENTIAL," as
17 instructed by the Party or non-party offering or sponsoring
18 the witness or presenting the testimony.

19 c.  For information produced in some form other than
20 documentary, and for any other tangible items, that the
21 Producing Party affix in a prominent place on the exterior
22 of the container or containers in which the information or
23 item is stored the legend "CONFIDENTIAL."  If only portions
24 of the information or item warrant protection, the
25 Producing Party, to the extent practicable, shall identify
26 the protected portions, specifying whether they qualify as
27 "CONFIDENTIAL."
28

5.3. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1. <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2. <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and pursuant to the dispute resolution process under Local Rule 37-1, <u>et seq</u>.

6.3. <u>Burden of Persuasion</u>. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Until the Court rules on the challenge, all parties shall

continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

    7.1. <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13, below (FINAL DISPOSITION).

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

    7.2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

    a.   the Receiving Party's Outside Counsel of record in this action and said Counsel's paralegals, as well as other employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

      b.    the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

      c.    Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

      d.    the Court and its personnel;

      e.    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

      f.    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosures is reasonably necessary for this lawsuit and who have signed the "Acknowledgement and Agreement to be Bound"(Exhibit A);

      g.    during their depositions, witnesses, and attorneys for the witnesses, in the action to whom disclosure is reasonably necessary, provided that they have signed the "Acknowledgement and Agreement to be Bound"(Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

      h.    the author of the document or the original source of the information.

{DSR/00051297.}

-11-

STIPULATED PROTECTIVE ORDER

  i. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must:

  (a) notify the Designating Party, in writing (by fax or email, if possible) immediately after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order;

  (b) immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Stipulated Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue; and

  (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality

interests in the court from which the subpoena or order issued. If the Designating Party timely seeks a protective order in relation to the subpoena or order issued in other litigation, the Party served with the subpoena or order shall not produce any information designated in this lawsuit as "CONFIDENTIAL" before the determination by the court from which the subpoena or order issued, unless the party has obtained the Designating Party's permission. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1         (1) promptly notify in writing the Requesting Party
2    and the Non-Party that some or all of the information
3    requested is subject to a confidentiality agreement with a
4    Non-Party;
5         (2) promptly provide the Non-Party with a copy of the
6    Stipulated Protective Order in this Action, the relevant
7    discovery request(s), and a reasonably specific description
8    of the information requested; and
9         (3) make the information requested available for
10   inspection by the Non-Party, if requested.
11   (c) If the Non-Party fails to seek a protective order from
12 this Court within 14 days of receiving the notice and
13 accompanying information, the Receiving Party may produce the
14 Non-Party's confidential information responsive to the discovery
15 request. If the Non-Party timely seeks a protective order, the
16 Receiving Party shall not produce any information in its
17 possession or control that is subject to the confidentiality
18 agreement with the Non-Party before a determination by the
19 Court. Absent a court order to the contrary, the Non-Party shall
20 bear the burden and expense of seeking protection in this Court
21 of its Protected Material.
22 10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**
23     If a Receiving Party learns that, by inadvertence or
24 otherwise, it has disclosed Protected Material to any person or
25 in any circumstance not authorized under this Stipulated
26 Protective Order, the Receiving Party must immediately (a)
27 notify in writing the Designating Party of the unauthorized
28 disclosures, (b) use its best efforts to retrieve all copies of

the Protected Material, (c) inform the person or persons to whole unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

12. **FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any protected material. A party that seeks to file under seal any protected material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant

to a Court order authorizing the sealing of the specific Protected Material at issue.

13. **FINAL DISPOSITION**

Upon written request after the settlement or other termination of this action, each receiving party must return all protected material to the producing party or destroy such material within sixty days after the final termination of this action. As used in this subdivision, "all protected material" includes all copies (except as designated below), abstracts, compilations, summaries or any other form of reproducing or capturing any of the protected material. The receiving party may destroy some or all of the protected material instead of returning it. Whether the protected material is returned or destroyed, the receiving party must submit a written certification to the producing party (and, if not the same person or entity, to the designating party) by the sixty-day deadline affirming that all the protected material was returned or destroyed and that the receiving party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the protected material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain protected material. Any such archival copies that contain or constitute protected material remain subject to this stipulated protective order as set forth in section 4 (duration), above.

14. **MISCELLANEOUS**

   14.1. <u>Right to Further Relief</u>. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

   14.2. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

15. **VIOLATION**

   Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

               **PEREIRA LAW**

          By: /S/CHRISTIAN F. PEREIRA
               CHRISTIAN F. PEREIRA
               Attorneys for Plaintiffs

               **COTA COLE & HUBER LLP**

          By: /S/DENNIS M. COTA
               DENNIS M. COTA
               Attorneys for Defendants

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: <u>May 24, 2017</u>

_____
HON. SHERI PYM
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of The Estate of Raul Herrera III, et al., v. City of Ontario, et al., Case No. 5:17-cv-82 SP. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____ City and State
where sworn and signed: _____
Printed name: _____
Signature: _____